**Teel v. Panarella**

*Kenneth A. Greene,* for plaintiff.
*Gabriel Bevilacqua,* for defendant.

COHEN, G., *J.,* June 11, 1993 —
This case is before the court on defendant, Nicholas Panarella Jr.'s, motion for summary judgment.

Plaintiff, Helen B. Teel, was a resident of the city of Philadelphia where she was employed by the Social Security Administration. Sums for the city wage taxes were not automatically deducted from plaintiff's salary, rather, plaintiff was directly responsible for making such wage tax payments to the city. For several years, plaintiff made the wage tax payments and then, in 1971, she discontinued making payments. Defendant, Nicholas Panarella Jr., Esquire, was retained by the city of Philadelphia to collect delinquent tax accounts. On July 3, 1992 Panarella forwarded a letter to Teel which requested that plaintiff pay $2,866.99 to the city of Philadelphia. Shortly thereafter, in August of 1992, plaintiff, upon advice of counsel, entered into a settlement agreement with Mr. Panarella as an agent of the city of Philadelphia wherein plaintiff agreed to make payments on her delinquent account. Plaintiff forwarded her initial payment pursuant to this agreement, however, sometime thereafter she discontinued making payments and filed the instant action.

Plaintiff's complaint against the defendant alleges that Mr. Panarella violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692-(a)-(o) and Pennsylvania's Consumer Protection Law, 73 Pa.C.S. §201-1-209-9 (hereinafter referred to as "UTPCPL") by forwarding to her and her attorney letters concerning collection of a debt allegedly owed by the plaintiff to the city of Philadelphia for delinquent wage taxes and by communicating verbally with plaintiff's counsel in an attempt to collect these allegedly delinquent taxes.

At all times throughout his communications with plaintiff and plaintiff's counsel, defendant was acting as an independent contractor for the city of Philadelphia hired

to collect outstanding taxes against delinquent taxpayers such as plaintiff.

The Fair Debt Collection Practices Act was enacted in 1977 as an amendment to the Consumer Credit Protection Act "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."

Under the FDCPA, a debt is:

"any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692A(5).

In *Staub v. Harris*, 626 F.2d 275 (3rd Cir. 1980), plaintiffs, two delinquent taxpayers, instituted an action based on alleged misdeeds of a private agency, G.H. Harris Associates, hired by a taxing district to collect delinquent taxes. Plaintiffs' complaint alleged harassment and abuse, false and misleading representations, unfair practices, and failure to validate a debt in violation of the FDCPA. Affirming the District Court's dismissal of the action, the Third Circuit rejected plaintiffs' argument that a tax obligation arises out of a transaction primarily for personal, family or household purposes, and therefore is a debt under the FDCPA. The court noted, "there is nothing in the language or the history of the FDCPA to lead us to believe that Congress intended to extend the scope of the Act to encompass debtors of any kind other than

consumer debtors." The court held that there was no cause of action because taxes were not "debts" under the statute.

In this action, plaintiff's claims arise from Mr. Panarella's efforts to collect city of Philadelphia wage taxes which are alleged to be delinquent. As a taxpayer, plaintiff is not the type of person which the FDCPA was intended to protect. As reasoned by the *Staub* court, wage taxes do not constitute "debts" under the FDCPA. Accordingly, any actions taken by the defendant in his attempt to collect these taxes are not actionable under the statute.

No court has ruled on whether taxes are debts under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. However, like the FDCPA, the language of the Debt Collection Trade Practices Regulations, 37 Pa. Code §303.1 renders those provisions inapplicable to tax collection practices. The UTPCPL does not contain a definition of "debt." Rather, "debt" is defined in 37 Pa. Code §303.2 (1982) as: "an actual or alleged past-due obligation, claim, note or other similar liability of a debtor to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services or real or personal property for personal, family or household purposes as a result of a loan of money or extension of credit which is obtained primarily for personal, family or household services; provided, however, that money which is owing or alleged to be owing as a result of a loan secured by a purchase money mortgage on real estate shall not be included within the definition of debt."

This definition of "debt" in the Pennsylvania Code closely parallels the definition of debt in the FDCPA in that both contemplate that the obligation arise from a

consumer transaction for goods or services for personal, family or household purposes.

Plaintiff asserts that the issues raised by defendant's motion for summary judgment have already been decided by this court on December 30, 1992 and that that decision represents the law of this case. Plaintiff previously filed perliminary objections to the complaint in the nature of a demurrer alleging that the complaint failed to state a claim upon which relief could be granted because the FDCPA did not apply to the collection of taxes.

This court holds that the fact that a prior demurrer was overruled by a different judge does not prevent a subsequent judge from entering the motion for summary judgment when it is clear that the information before the previous judge was incomplete.

For all the foregoing reasons, the defendant's motion for summary judgment will be entered.